IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NATHAN LIPPE                                                                                    PLAINTIFF

V.                                         CASE NO. 3:21-CV-03043

STONE BANK;
MARVIN SUTTERFIELD;
and JAMES JOHNSON                                                                      DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendant Stone Bank's First Motion for Partial Summary Judgment (Doc. 150),[1] Second Rule 11 Motion for Sanctions (Doc. 59),[2] and Motion for Sanctions for Failure to Comply with Court Order (Doc. 98).[3] Plaintiff Nathan Lippe opposes the motions.

---

[1] The Court considered the following materials in deciding this Motion: Stone Bank's First Motion for Partial Summary Judgment (Doc. 150), Statement of Facts in Support (Doc. 151), Brief in Support (Doc. 152), Plaintiff Nathan Lippe's Response (Doc. 177), Lippe's Brief in Support (Doc. 178), and Stone Bank's Reply (Doc. 185).

Stone Bank's original Motion for Summary Judgment (Doc. 50) was based on the same theory as the instant Motion but was mooted by the filing of Lippe's Second Amended Complaint (Doc. 121). The Court gave the parties leave to incorporate by reference those earlier filings into the instant summary judgment motion. Accordingly, the Court has also considered the following filings: Stone Bank's Motion for Summary Judgment (Doc. 50), Statement of Facts (Doc. 51), Brief in Support (Doc. 52), Lippe's Response (Doc. 73), Lippe's Brief in Support (Doc. 74), and Stone Bank's Reply (Doc. 78).

[2] The Court considered the following materials in deciding this Motion: Stone Bank's Second Rule 11 Motion for Sanctions (Doc. 59), Brief in Support (Doc. 60), and Lippe's Response (Doc. 82).

[3] The Court considered the following materials in deciding this Motion: Stone Bank's Motion for Sanctions for Failure to Comply with Court Order (Doc. 98), Brief in Support (Doc. 99), Lippe's Response (Doc. 106), Stone Bank's Reply (Doc. 112), Lippe's Response to Order to Show Cause (Doc. 115), and Stone Bank's Supplement to Motion for Sanctions for Failure to Comply with Court Order (Doc. 118). Both motions for

For the reasons stated below, the First Motion for Partial Summary Judgment (Doc. 150) is **GRANTED**, the Second Rule 11 Motion for Sanctions (Doc. 59) is **DENIED**, and the Motion for Sanctions for Failure to Comply with Court Order (Doc. 98) is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

The undisputed facts and procedural history relevant to the instant motions are as follows.[4]

This lawsuit stems from a dispute over home and business loans made by Stone Bank to Lippe. The most significant of these loans is a farm loan ("the Farm Loan") Lippe obtained from Stone Bank in June 2018. In September 2019, Lippe's home was destroyed in a fire, and Stone Bank applied the insurance proceeds from that fire to pay down Lippe's home loan, the Farm loan, and two other loans. Lippe alleges certain of these loans, including the Farm Loan, were either already paid off prior to the fire or were not secured by the mortgage against Lippe's residence. As a result, Stone Bank's use of the insurance proceeds to pay those debts was allegedly done without Lippe's authorization and was unlawful. This lawsuit also involves Lippe's dispute with a former Bank employee and separate Defendant, James Johnson. Lippe alleges Johnson conditioned Lippe's

---

sanctions (Docs. 59 & 98) were originally filed by Stone Bank and two of its current employees, Nick Roach and Ashley Roach. However, the Second Amended Complaint (Doc. 121) removed Nick Roach and Ashley Roach as individual defendants.

[4] Lippe did not file a responsive statement of facts either to Stone Bank's First Motion for Partial Summary Judgment or to Stone Bank's original Motion for Summary Judgment (Doc. 50) (incorporated by reference into the instant Motion). Therefore, pursuant to Local Rule 56.1(c), all facts provided in Stone Bank's statements of fact (Docs. 51 & 151) are deemed admitted by Lippe.

Bank loans on Lippe making personal loans to Johnson and that Johnson has failed to repay those personal loans.

Lippe first filed suit against Stone Bank and Johnson in the Circuit Court of Boone County on July 9, 2020 ("the First Lawsuit"). There, Lippe alleged breach of contract; negligent hiring, supervision, and retention; breach of fiduciary duty; and conversion. (Doc. 121-20, pp. 7–10). Stone Bank quickly filed a counterclaim against Lippe seeking a judgment to satisfy the amount then in default on the Farm Loan and to foreclose on assets that secured the Farm Loan. On November 30, 2020, Lippe's claims against Stone Bank in the First Lawsuit were voluntarily dismissed without prejudice. The parties then agreed to a consent judgment that resolved Stone Bank's counterclaim in the Bank's favor. The Consent Judgment (Doc. 149-2) was issued by the state court on December 16, 2020. On February 5, 2021, Lippe satisfied the Consent Judgment by paying Stone Bank $523,755.56.

The instant lawsuit was filed on May 18, 2021, in the Circuit Court of Boone County, Arkansas, and then removed to this Court by Defendants.[5] Lippe's Second Amended Complaint (Doc. 121) brings three causes of action. Count One, brought under an Arkansas statute which allows for civil actions by "any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law," Ark. Code Ann. § 16-118-107, alleges the conduct of Stone Bank and two of its former employees, Johnson and Marvin Sutterfield, constitutes the felonies of money laundering,

---

[5] The Complaint, and a subsequent First Amended Complaint, included claims over which this Court had federal question jurisdiction.

3

theft of property, and obtaining a signature by deception. Counts Two and Three allege conversion and negligent hiring and supervision, respectively.[6]

After the instant lawsuit was removed to this Court, the separate Defendants quickly brought motions to dismiss and motions for a more definite statement. Lippe filed a First Amended Complaint (Doc. 33), which mooted those motions. Defendants refiled their motions, and separate Defendant Stone Bank sought summary judgment and sanctions. At the case management hearing on November 29, 2021, the Court gave Lippe the opportunity to amend his complaint once more to address the numerous pleading issues identified in Defendants' motions. The Court also ordered Lippe to respond to Stone Bank's Requests for Production.

Lippe filed his Second Amended Complaint on January 10, 2022, which mooted most of Defendants' pending motions. Those motions have since been refiled (along with several additional motions). This Order addresses three of the ten pending motions.

## II.  FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Separate Defendant Stone Bank seeks partial summary judgment on Count One of the Second Amended Complaint under the doctrine of *res judicata*, or claim preclusion. Count One alleges Stone Bank committed the criminal acts of money laundering, theft of property, and obtaining a signature by deception and therefore is liable for civil damages for a crime victim under Ark. Code Ann. § 16-118-107. Stone Bank argues Count One is barred as against the Bank because Lippe voluntarily dismissed his prior state court claims against the Bank, agreed to the Consent Judgment settling the Bank's

---

[6] The Court denied Plaintiff's Motion to Remand his Second Amended Complaint (Doc. 136).

counterclaims, and the allegations forming Count One were compulsory claims in the First Lawsuit. Under Federal Rule of Civil Procedure 56(a), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court finds the claims in Count One against Stone Bank are barred by *res judicata*, and, therefore, Stone Bank is entitled to summary judgment on Count One as a matter of law.

Arkansas law on claim preclusion governs this analysis. See *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) ("The law of the forum that rendered the first judgment controls the res judicata analysis."). Under Arkansas law, claim preclusion bars a subsequent suit when the following elements are met:

> (1) the first suit resulted in a final judgment on the merits;
> (2) the first suit was based upon proper jurisdiction;
> (3) the first suit was fully contested in good faith;
> (4) both suits involved the same claim or cause of action; and
> (5) both suits involved the same parties or their privies.

*Linn v. NationsBank*, 341 Ark. 57, 61 (2000) (citing *Bailey v. Harris Brake Fire Prot. Dist.*, 287 Ark. 268, 269 (1985)). There is no genuine dispute that the First Lawsuit was based on proper jurisdiction, was fully contested by both parties in good faith, and involved Lippe, Stone Bank, and Johnson as parties.[7]

The First Lawsuit resulted in Lippe and Stone Bank entering into a consent judgment. "A consent judgment is a judgment sanctioned by the court, but one that is

---

[7] The instant lawsuit also includes separate Defendant Marvin Sutterfield, who was not party to the First Lawsuit. Because only Stone Bank is seeking summary judgment on *res judicata* grounds, the inclusion of an additional party in the instant lawsuit has no impact on the preclusion analysis. See *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 449 n.4 (8th Cir. 1979).

comprised of terms and provisions agreed to by the parties." *Crooked Creek, III, Inc. v. City of Greenwood*, 352 Ark. 465, 471 (2003). A consent judgment that fully disposes of a party's claims is a final judgment on the merits for *res judicata* purposes. *See id.* at 470–71; *see also Putt v. Suttles*, 2011 Ark. App. 688, 9–10 (2011) ("[R]es judicata is also applicable to settlement agreements approved by the court and to consent judgments . . . .").

Here, the Consent Judgment (Doc. 149-2) granted Stone Bank a money judgment on its counterclaim against Lippe and against Lippe's real estate and personal property. Lippe satisfied that judgment in full. In signing the Consent Judgment, Lippe agreed to all findings of facts, conclusions of law, and orders contained therein. While the Consent Judgment contemplated potential further enforcement action, *see* Doc. 149-2, p. 18, the judgment itself was final and fully deposed of Stone Bank's counterclaim against Lippe.[8]

The First Lawsuit involved the same set of facts as the instant lawsuit, and "[c]laim preclusion bars not only the relitigation of issues which were actually litigated in the first suit, but also those which could have been litigated but were not." *Linn*, 341 Ark. at 61. "Thus, where a lawsuit is based on the same events as the subject matter of the previous lawsuit, res judicata will apply even if the subsequent lawsuit raised new legal issues and seeks additional remedies." *Harrison v. Loyd*, 87 Ark. App. 356, 367 (2004) (citing *Searcy v. Davenport*, 352 Ark. 307 (2003)). Under Arkansas Rule of Civil Procedure 13(a), a claim is a compulsory counterclaim that must be adjudicated in a single lawsuit when "it

---

[8] Lippe argues in his Second Amended Complaint that the Consent Judgment was "not a final appealable judgment." (Doc. 121, ¶ 142). The appealability of the judgment is irrelevant, as settlement agreements and consent judgments are considered final judgments under Arkansas law. *See Putt*, 2011 Ark. App. at 9–10.

arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Lippe's current claims under Arkansas's crime victim statute allege the actions of Stone Bank and its employees in managing Lippe's loans were criminal. In the First Lawsuit, Stone Bank's counterclaim alleged Lippe was in default on the Farm Loan and sought to foreclose on the assets securing the Farm Loan. The claims in both lawsuits arise from "the same transactional facts," as Lippe concedes in the Second Amended Complaint (Doc. 121, ¶ 140(a)). Therefore, the claims against Stone Bank in Count One of the instant lawsuit were compulsory claims in the First Lawsuit.

Lippe argues claim preclusion does not apply because he voluntarily dismissed his claims in the First Lawsuit. Arkansas does recognize an exception to *res judicata* for claims that were voluntarily dismissed in a prior lawsuit. Such claims may be refiled within the statute of limitations or one year, whichever is earlier, and are not barred. *Pentz v. Romine*, 75 Ark. App. 274, 277 (2001). When considering if a prior lawsuit included a particular claim, the "pleadings are to be liberally construed and are sufficient if they advise a party of its obligations and allege a breach of the obligations." *Id.* at 278 (citing *Bethel Baptist Church v. Church Mut. Ins. Co.*, 54 Ark. App. 262 (1996)).

Because Lippe voluntarily dismissed his amended complaint in the First Lawsuit, the question is whether his dismissed claims encompassed the current allegations against Stone Bank in Count One—civil liability for the crimes of money laundering, theft, and obtaining a signature by deception. Lippe's amended complaint in the First Lawsuit included six counts: breach of contract; negligent hiring, supervision, and retention; two

7

counts of breach of fiduciary duty; and two counts of conversion. (Doc. 121-20, pp. 7–10). Even construing those allegations liberally, they sound only in contract and tort, and make no explicit reference to criminal conduct. While the First Lawsuit alleged Johnson and Stone Bank committed the tort of conversion, it did not allege the requisite criminal intent to commit theft. *Compare Hester v. State*, 2020 Ark. App. 571, 5 (2020) (explaining that criminal theft requires "the specific intent to deprive the owner of [his] property"), *with Buck v. Gillham*, 80 Ark. App. 375, 379 (2003) (explaining that conversion does not require "conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights"). The First Lawsuit did not advise Stone Bank of potential civil liability for criminal acts, and as a result, Lippe's allegations in Count One of the instant lawsuit were not included in the claims Lippe voluntarily dismissed in the First Lawsuit.

Lippe's claims under Ark. Code Ann. § 16-118-107 were compulsory claims in the First Lawsuit and became barred by *res judicata* after Lippe entered into the Consent Judgment with Stone Bank to resolve the First Lawsuit. Stone Bank is therefore entitled to summary judgment as a matter of law on Count One of the Second Amended Complaint.

### III. SECOND RULE 11 MOTION FOR SANCTIONS

Stone Bank argues the Consent Judgment conclusively settled the status of the Farm Loan and the current lawsuit is simply a means to collaterally attack the Consent Judgment. It argues "there is no factual or legal basis for Lippe to allege or seek any relief on the basis that the making or collection of the Farm Loan was improper," and "Lippe and his counsel should be sanctioned" as a result. (Doc. 59,

¶ 18). Stone Bank asks the Court to dismiss Lippe's claims with prejudice, order Lippe and his attorneys to pay Stone Bank's attorney's fees and costs, fine Lippe and his attorneys, and disqualify Lippe's attorneys from representing Lippe. *Id.* at ¶ 20.

Under Rule 11, when an attorney signs and presents a pleading to the Court, the attorney certifies, in relevant part, that the pleading is not being presented for any improper purpose—such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation—and the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)).

Stone Bank is correct insofar as the Consent Judgment found Lippe in default on the Farm Loan and ordered Lippe to satisfy his obligation to Stone Bank under that loan. However, Lippe voluntarily dismissed his claims in the First Lawsuit, and as explained above, Lippe retained the right to refile those claims within one year, notwithstanding any intervening judgment that would normally preclude refiling those claims. As a result, Lippe and his attorneys had a basis in existing law to refile the claims in Counts Two and Three against Stone Bank.

The Court has explained how the claims in Count One were not brought in the First Lawsuit and are therefore barred by *res judicata*. But as the length of the Court's analysis above suggests, the application of claim preclusion law to these facts is not as clear cut

as Stone Bank suggests. While the Court agrees those claims are barred, Lippe had a reasonable legal basis to argue otherwise.

Accordingly, there is no cause under Rule 11 to sanction Lippe or his attorneys for filing the instant lawsuit.

### IV. MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER

Stone Bank's Motion for Sanctions (Doc. 98) alleges Lippe failed to comply with the Court's Order compelling discovery (Doc. 92). That Order granted Stone Bank's Motion to Compel (Doc. 84) and directed Lippe to respond to Stone Bank's Requests for Production no later than December 6, 2021. The Motion for Sanctions asks that the Court hold Lippe in contempt, take Lippe into custody, order Lippe and his counsel to pay all expenses Stone Bank incurred in pursuing both the Motion to Compel and Motion for Sanctions, and dismiss with prejudice all claims against Stone Bank. (Doc. 98).

Lippe initially denied that he failed to respond to the Requests for Production by the Court-ordered deadline. *See* Doc. 106, ¶ 4. However, Stone Bank's Reply explained in detail how Lippe had, in fact, failed to respond. *See* Doc. 112. The Court credited Stone Bank's explanation and issued an Order to Show Cause (Doc. 114), which ordered Lippe to show cause "as to why the Court should not strike from the Complaint all claims and causes of action against Stone Bank and award Stone Bank attorney's fees as a result of Lippe's failure to comply with the Court's order." (Doc. 114, p. 2).

In response to the Order to Show Cause, Lippe admitted that "the Court's recitation of the factual history of this case is accurate," and stated he had "produced additional documents" to Stone Bank. (Doc. 115). In other words, Lippe admitted that he—without excuse or justification—did not comply with the Court's discovery order. Lippe provided

the discovery only after being ordered to show cause and after forcing Stone Bank to file the Motion to Compel and Motion for Sanctions.

Further exacerbating Lippe's noncompliance, the discovery responses he finally produced are deficient. Stone Bank describes those deficiencies in detail in its Supplement to the Motion for Sanctions (Doc. 118). For example, in response to seven of the Requests for Production, Lippe stated only that "[a]ll evidence that is responsive to the Request has been previously produced," (Doc. 115-1), without identifying which particular documents were responsive to those requests and without organizing and labeling those documents in compliance with Federal Rule of Civil Procedure 34(b)(2)(E).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a district court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Moreover, if a party fails to obey a court order to provide discovery, Rule 37(b)(2)(A) permits that court to issue sanctions, up to and including dismissal of the party's claims with prejudice. Rule 37(b)(2)(C) further provides that "[i]nstead of or in addition to [those sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."

The Court finds Stone Bank attempted in good faith to obtain responses to its Requests for Production before filing the Motion to Compel. *See* Doc. 84-2. The Court further finds Lippe was given an opportunity to be heard in his response to the Order to Show Cause and provided no justification for his noncompliance. Lippe and his attorneys intentionally or recklessly failed to comply with this Court's order compelling discovery. As an appropriate sanction under Rule 37, the Court finds Lippe and his attorneys must pay the reasonable expenses Stone Bank incurred in litigating the Motion to Compel and the Motion for Sanctions, both of which were necessitated by Lippe's violations.

## V. CONCLUSION

For the reasons stated above:

- The First Motion for Partial Summary Judgment (Doc. 150) is **GRANTED,** and Count One of the Second Amended Complaint is **DISMISSED WITH PREJUDICE** as against separate Defendant Stone Bank.

- The Second Rule 11 Motion for Sanctions (Doc. 59) is **DENIED.**

- The Motion for Sanctions for Failure to Comply with Court Order (Doc. 98) is **GRANTED IN PART AND DENIED IN PART**, and Lippe and his attorneys, jointly and severally, are **ORDERED** to pay Stone Bank's reasonable expenses, including attorney's fees, incurred in litigating the Motion to Compel (Doc. 84) and the Motion for Sanctions (Doc. 98). Stone Bank is **ORDERED** to file on the docket an accounting of those reasonable expenses **no later than April 5, 2022.**

**IT IS SO ORDERED** on this 21st day of March, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE